UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MAURICE ROSE, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:05-CV-574 (CEJ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Maurice Rose to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The United States has filed a response, and the issues are fully briefed.

I. **Background**

On July 11, 2002, a superseding indictment was filed charging Rose with one count of attempting to kill a person with intent to prevent him from testifying in an official proceeding, in violation of 18 U.S.C. § 1512(b) (Count III), and one count of carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Count IV).[1]

On October 4, 2002, a jury found Rose guilty on both counts. Rose appeared for a sentencing hearing on December 20, 2002. With

---

[1]In the four-count indictment, co-defendant Qusai Muhasin was charged with possession of heroin (Count I), and possession of a firearm in connection with a drug offense (Count II); Muhasin was charged with Rose in Counts III and IV. The Court severed the defendants for trial.

respect to Count III, the range of punishment under the United States Sentencing Guidelines then in effect was 188 to 235 months, based upon an offense level of 32 and a criminal history category of V; the penalty for Count IV was a consecutive minimum term of imprisonment of 10 years. The Court sentenced Rose to consecutive terms of imprisonment of 210 months and 120 months, to be followed by a five-year term of supervised release. Rose appealed the judgment, asserting that the Court erred in denying his motion to suppress an eyewitness identification, and that the jury verdict was not supported by sufficient evidence. The Court of Appeals affirmed the conviction in an opinion issued on April 7, 2004. United States v. Rose, 362 F.3d 1059 (8th Cir. 2004). Rose timely filed the instant § 2255 motion.

**II. Discussion**

Rose asserts in his motion that he is entitled to relief on the following grounds: (A) he was not advised of his rights under Miranda v. Arizona, 384 U.S. 436 (1966); (B) he was improperly tried in state and federal courts for the same offense in violation of the Double Jeopardy Clause; (C) the Court erred in failing to remove two jurors; (D) the Court erred in failing to grant his request for new counsel or, in the alternative, to inform him of his right to self-representation; (E) he was sentenced in violation of United States v. Booker, 543 U.S. 220 (2005); and (F) he received ineffective assistance of counsel.

2

Rose could have raised the claims asserted in Grounds A through E in the direct appeal of the judgment, but he failed to do so. As such these claims are procedurally defaulted and cannot be raised in a motion under § 2255. See Swedzinski v. United States, 160 F.3d 498, 500 (8th Cir. 1998) (claim not raised on direct appeal procedurally defaulted). In an effort to preserve his defaulted claims, Rose asserts in his traverse that they are raised "under the umbrella of ineffective assistance of counsel." See United States v. Harris, 310 F.3d 1105, 1111-12 (8th Cir. 2002) (ineffective assistance claims properly brought in § 2255 proceeding). Where logic permits, the Court will liberally construe the motion as asserting that counsel's performance was constitutionally defective with respect to the otherwise defaulted claims.

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). There exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689. In order to show prejudice, Rose "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The failure to

show prejudice is dispositive and courts need not address the reasonableness of counsel's performance in the absence of prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

### A. Counsel's Failure to Raise *Miranda* Claim

When a suspect is interrogated in a custodial setting, the police must advise him of his right not to answer questions and to have an attorney present during questioning. Miranda v. Arizona, 384 U.S. 436, 444 (1966). Any statements obtained in the absence of the required warnings are inadmissible at trial. Id. at 492. A review of the transcript establishes that no custodial statements were admitted at trial. Rose has failed to establish that he is entitled to relief on either a stand-alone Miranda claim or as a challenge to counsel's performance.

### B. Counsel's Failure to Assert Double Jeopardy Claim

The State of Missouri charged Rose with first-degree assault and armed criminal action based on the same conduct involved in the federal criminal prosecution. He contends that he was improperly tried for the same crimes in both state and federal court. The State of Missouri and the United States are separate sovereigns. Thus, the federal prosecution was not barred by the Fifth Amendment's Double Jeopardy Clause. United States v. Winters, 491 F.3d 918, 920 (8th Cir. 2007). Counsel's failure to assert a double-jeopardy challenge does not constitute ineffective assistance.

### C. Counsel's Failure to Challenge Jurors

Rose raises challenges to the participation of two jurors – Henry Fett and Ollie Freeman. Mr. Fett reported that he had received two anonymous phone calls at his home in the 24-hour period before deliberations began. When questioned by the Court, Mr. Fett indicated that the phone calls caused him "a little bit" of concern about his role as a juror. Nonetheless, he affirmed that the phone calls would not impair his ability to be impartial and fair to both the government and the defense. Thus, there was no basis to remove Mr. Fetts from the jury and Rose cannot establish prejudice arising from counsel's failure to challenge his continued participation.

Rose asserts that juror Ollie Freeman knew, and had a history of conflict with, Rose's fiancee Charisse Miller. In his motion, Rose states that he informed counsel of the friction between Ms. Freeman and Ms. Miller but that counsel failed to bring the matter to the Court's attention. In his traverse, Rose additionally asserts that Ms. Freeman concealed her connection to Ms. Miller. Missing from both claims is any contention that Ms. Freeman had, and concealed, prior knowledge of Rose or of the charged offenses. Rose has failed to state a basis for removing Ms. Freeman from the jury and thus cannot establish that he was prejudiced by counsel's failure to challenge her participation.

### D. Right to Self-Representation

5

Rose informed the Court on the first day of trial that he wanted a different attorney. He stated that he had spoken with another lawyer, however no one had entered an appearance on his behalf. The Court therefore denied his request to remove appointed counsel. In his motion, Rose asserts that the Court erred in failing to advise him of his right to waive counsel and proceed *pro se*. He bases his claim on Faretta v. California, 422 U.S. 806 (1975) (defendant's constitutional right to conduct his own defense violated by trial court order requiring him to accept appointed counsel).

Rose is not entitled to relief on this claim. First, he procedurally defaulted the claim by failing to raise it on direct appeal. Second, the claim fails on its merits. In order to proceed *pro se*, a defendant must "clearly and unequivocally" invoke his right to self-representation. Faretta, 422 U.S. at 835; United States v. Webster, 84 F.3d 1056, 1062 (8th Cir. 1996). The record establishes that Rose's stated intent was to obtain different counsel; he did not express any desire to waive his right to counsel and proceed *pro se*.

**E.  *Booker* Claim**

Rose asserts that in determining his sentence the Court impermissibly relied upon facts not charged in the indictment or found by a jury. The rules announced in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005),

6

do not apply on collateral review. United States v. Hernandez, 436 F.3d 851, 855 (8th Cir. 2006). Rose is not entitled to relief on this claim.

### F. Counsel's Failure to Investigate Witness

Rose contends that his attorney rendered ineffective assistance by failing to "look into" a key witness. Rose has not identified the witness in question or indicated what testimony the witness might have provided. Moreover, he has not alleged that he informed counsel of this potential witness. Assuming without deciding that Rose could establish that counsel's performance was deficient with respect to this witness, he cannot establish prejudice because he has failed to produce competent evidence of the testimony the witness would have offered. See Sanders v. Trickey, 875 F.2d 205, 210-11 (8th Cir. 1989) (refusing to "speculate" that important potential testimony might have been discovered in a witness interview).

Thus, for the foregoing reasons, the Court concludes that movant Maurice Rose is not entitled to relief under 28 U.S.C. § 2255.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Maurice Rose to vacate, set aside, or correct sentence [Doc. #1] is **denied**.

**IT IS FURTHER ORDERED** that all other pending motions are denied as moot.

**IT IS FURTHER ORDERED** that the movant has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 25th day of August, 2008.